## CIRCUIT COURT OF CHESTERFIELD COUNTY

Pocono Green Associates

v.

Under Where? et al.

October 5, 1989

Case No. CL 89-256

By JUDGE WILLIAM R. SHELTON

Defendant's request the dismissal of Plaintiff's action asserting that Defendants' tender of delinquent payment penalties and costs pursuant to Section 55-243 of the Virginia Code precludes Plaintiff's unlawful detainer claim. Plaintiff seeks a declaratory judgment interpreting the Addendum to require rent to be paid on or before the 20th of the month prior to the month it is to be credited.

Upon consideration of argument heard and memoranda submitted, it is the opinion of the Court that dismissal is warranted. Counsel for Defendants is directed to draft an Order in accordance with this letter opinion. Counsel is further directed to include a provision requiring that the Clerk of Court release to Plaintiff the funds received by the Court from Defendants.

Section 55-243 precludes Plaintiff's unlawful detainer claim. Said Section provides:

If any party having right or claim to such lands shall, at any time before the trial in such ejectment, pay or tender to the party entitled to such rent, or his attorney in the cause, or pay into the Court, all the rent and

arrears, with interest and costs, all further proceedings in the ejectment shall cease.

The aforementioned section is remedial in nature and as such seeks to avoid forfeiture where the sole breach alleged is the delinquent payment of rent. See generally *Johnston v. Hargrove*, 81 Va. 119 (1885). The provision reasonably construed contemplates inclusion of delinquent payment penalties as "arrears". Further, Section 55-243 codifies the general equitable doctrine that the Court may:

> relieve against forfeiture incurred by the breach of a covenant to pay rent, on the payment or tender of all arrears of rent and interest by a defaulting lessee. This doctrine is based on the principles that in all cases where the penalty or forfeiture is designed to secure the payment of a certain sum of money . . . 49 Am. Jur. 2d 1079 *Landlord and Tenant*. See also *Galvin v. Southern Hotel Corp.*, 154 F.2d 970 (4th Cir. 1946).

Plaintiff argues that the express terms of the contract controls and cites *Jabbour Bros. v. T. E. B. Hartsook*, 131 Va. 176 (1921). However, as counsel for Defendants noted, in *Jabbour Bros.* the landlord sought reentry upon the allegation that tenant had sublet the premises contrary to the terms of the lease in addition to nonpayment of rent. Therefore, the circumstances presented in *Jabbour Bros.* surpass the scope of the doctrine espoused in Section 55-243.

Section 55-243 as reasonably construed requires that Plaintiff receive the amount deposited with the Court. The request for declaratory judgment is moot.